Peter M. Swift *v.* *The Estate of* Martha Kennison, *and D. R.* Sargent, *Appellant.*

*Levy of Execution.   Probate Court.   License.   Sale.*

A. being heir to one undivided third of the land of which an intestate died seized, B. an execution creditor of A. levied an execution upon said land.   Subsequently, A. having been appointed administrator of the estate, procured license of the probate court and sold said land, though it was not needed or resorted to for payment of debts.   *Held,* that A. could not, by his own consent, alienate B.'s property, or prejudice B.'s lien, and the sale of A.'s share in the land, not being for the purposes of administration, but upon his own application and consent as an heir, is substantially his own act, and whatever A. did with the land after the levy is subject to the levy.

30

But as B.'s rights are not passed nor prejudiced by the sale, he has no interest in the avails of the sale, and is not entitled to be heard on the question of their distribution.

APPEAL from the judgment and decision of the probate court for the district of Bradford, in the settlement and allowance of the administration account of Peter M. Swift against the estate of Martha Kennison, and from the order and decree of said court in the division and distribution of said estate, after paying the debts and costs of administration.

Upon the decease of Martha Kennison of Fairlee, Peter M. Swift fell heir to one undivided third of her real estate ; an execution was levied in due form of law upon said estate by Daniel R. Sargent, an execution creditor of Peter M., and afterwards, Peter M. having been duly appointed administrator upon the estate, he procured a license from the probate court to sell the real estate of the said Martha, for the benefit of the heirs, without any representations having been made to the probate court that said real estate was needed for the payment of debts. Peter M., in pursuance of the order of the probate court, sold the real estate and received pay for the same.

At a hearing before the probate court for said district, Peter M. having given notice of the settlement of his administration account and for the distribution of the funds arising from the sale of said real estate, this claimant, Daniel R. Sargent, appeared and claimed one third of the funds so arising from the sale of said real estate, and also that the administration account presented by Peter M., was unjust and false, and that the funds were not chargeable with any of the debts of said estate or expenses of administration, all which Peter M. resisted, and claimed that this claimant took nothing by his levy.

The probate court decided against the claimant as to all his claims, and in favor of Peter M., allowing his account out of the funds, and allowing him one-third of the remaining funds as heir thereto,—to all which the claimant objected and appealed to the county court.

The case was heard on motion to dismiss the appeal, at the December Term, 1866, STEELE, J., presiding.

The plaintiff claimed that Sargent, being neither heir, creditor,

legatee nor devisee of said estate, and having no interest in the same, had no right to an appeal from the judgment and decree of the probate court.

Upon the hearing the court, *pro forma,* sustained the motion to dismiss,—to which the appellant excepted.

*R. McKOrmsby,* for the appellant.

*William Hebard,* for the plaintiff.

I. We insist that Sargent had no interest in this decree of the probate court, and therefore was not injured by it. He was not heir, creditor, legatee nor devisee. His rights were in no way affected by the decree of the probate court.

II. It is not necessary here to decide whether Sargent, by his levy obtained any lien on or interest in the land on which he levied belonging to the estate of the intestate,—which we insist that he did not,—but if by his levy upon the land he acquired any interest in it, that interest was not affected by the sale of the land, nor by the decree of distribution by the probate court. In that case he must pursue the land; he has no claim upon the money in the hands of the administrator.

III. This land was sold under a request of the heirs. Ch. 52, § 37, G. S. Sargent was not an heir nor a creditor of the estate. He was a creditor of the administrator. The court therefore could take no notice of him in making the order of distribution. Chap. 52, § 38, G. S.

IV. If the administrator sold land that he had no right to sell, that gives the appellant no right to the money. His claim is still on the land. It stands in principle the same as any other judgment debtor who should make sale of the land after being levied upon. It gives the judgment creditor no right to the money. His title is not affected by the sale, and his claim is still upon the land.

The opinion of the court was delivered by

STEELE, J. Sargent, the execution creditor of Peter M. Swift, levied upon the share in the land, to which, as one of the heirs,

Swift was entitled. The levy, if valid, ultimately gave Sargent all the title Swift had. Until the period of redemption expired, the levy was a lien or incumbrance upon Swift's interest in the land. It is very true that the right to sell a part or the whole of the land, if necessary in order to satisfy the debts of the intestate or the costs of adm nistration, was paramount to the right of either Swift or Sargent. But the land was not needed or resorted to for any such purpose. It stands conceded that the sale, by license from the probate court, was based solely upon the application and consent of the heirs subsequent to the levy. Swift could not, by his consent, alienate Sargent's property or prejudice Sargent's lien. The sale of Swift's share in the land not being for the purposes of administration, but upon his own application and consent as an heir, is substantially his own act. Whatever Swift did with the land after the levy is subject to the levy. The sale standing upon Swift's consent and not Sargent's transfers Swift's interest and not Sargent's. As Sargent's rights are not passed nor prejudiced by the sale, he has no interest in the avails of the sale and is not entitled to be heard on the question of their distribution.

The *pro forma* judgment dismissing the appeal is affirmed, and may be certified to the probate court.